UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| SCOTT JORDAN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No.: 1:18-CV-321 |
| KELLY SERVICES, INC. and LINCOLN FINANCIAL GROUP, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Partial Motion to Dismiss filed on November 9, 2018, by Defendant The Lincoln National Life Insurance Company ("Lincoln") (ECF 16).[1] Plaintiff Scott Jordan filed a response to the motion on November 21 (ECF 21) and Lincoln filed a reply on November 28 (ECF 24). While that should have been the end of the briefing, Jordan filed a pleading on December 7 that he titled a "Motion to Reconsider [Lincoln's] Motion for Partial Dismissal of Plaintiff's Claims" (ECF 25). On January 4, 2019, Lincoln filed a Motion to Strike Plaintiff's Motion to Reconsider (ECF 26), to which Jordan did not respond. For the reasons explained in this order, the Court holds as follows:

1. Lincoln's motion to strike is **DENIED**;

2. **The Clerk of the Court is instructed to amend the docket** to designate docket entry 25 as

---

[1] Jordan and Lincoln are the only parties litigating the motion for partial dismissal. This case was stayed as to Defendant Kelly Services, Inc., on November 14, 2018, when Magistrate Judge Paul Cherry granted Kelly's unopposed motion to stay pending binding arbitration of Jordan's claims against that Defendant. Motion to Stay Litigation Pending Arbitration (ECF 18); Minute Order granting motion (ECF 19). Accordingly, the Court's rulings in this order apply only to Jordan's claims against Lincoln and his claims against Kelly are unaffected (as is the stay).

"Plaintiff's supplemental brief in opposition to Defendant Lincoln's motion for partial dismissal";

3. Lincoln's motion for partial dismissal is **GRANTED in part and DENIED in part**. The motion is GRANTED as to Jordan's race and sex discrimination claims contained in paragraph 8, subparagraphs (e), (f), (h), (i), and (j) of his Complaint, and DENIED as to race and sex discrimination claims that were allegedly wrongfully excluded from Jordan's January 2018 Charge of Discrimination; and

4. **Plaintiff Scott Jordan is directed to file an Amended Complaint within 30 days** of the date of this order that addresses the deficiencies discussed below.

## STANDARD OF REVIEW

Lincoln brings its motion to dismiss pursuant to Federal Rule 12(b)(6), which allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although Rule 8(a) requires only a "short and plain statement" of the plaintiff's claims, to survive a motion to dismiss a complaint must consist of more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

Scott Jordan filed this lawsuit in state court on September 12, 2018, and Lincoln removed it to this Court on October 5. Notice of Removal (ECF 1). Removal was based on federal question jurisdiction since Jordan's Complaint asserted claims of discrimination and retaliation under Title VII, claims of discrimination under 42 U.S.C. § 1981, and (apparently mistakenly) claims of violations of his 14th Amendment rights brought under 42 U.S.C. § 1983. Complaint (ECF 6), p. 1. Jordan states that he filed charges of discrimination with the Fort Wayne Metropolitan Human Relations Commission in January of 2018 and received a Notice of Right to Sue letter for each Defendant. *Id*., p. 2. Jordan claims that Kelly and Lincoln were his employers and that they discriminated against him on the basis of his race (he is African-American) and gender. *Id*., pp. 3-5.

Lincoln contends in its motion for partial dismissal that Jordan's claims brought under § 1983, along with all of his Title VII claims (with the sole exception of his retaliation claim) are not viable and must be dismissed. Partial Motion to Dismiss, p. 1. Lincoln asserts that "[t]he Title VII claims subject to dismissal include (1) failure to properly train; (2) failure to hire into a permanent position; and (3) harassment/hostile work environment brought in paragraphs 8(e), (f), (h), (i), [and] (j) of Plaintiff's Complaint." *Id*. Lincoln summarizes its legal arguments as follows:

3

> [Lincoln] is moving to dismiss Jordan's claims under Section 1983 because it is a for-profit corporation, not a state actor. Additionally, [Lincoln] is moving to dismiss nearly all of Jordan's Title VII claims. Jordan filed two charges against [Lincoln], but did not file a lawsuit within 90 days of receiving the Dismissal and Notice of Rights for his first charge. Only the retaliatory discharge claim alleged in his second charge is arguably timely. Accordingly, the Court should dismiss the Title VII claims alleged by Jordan in his first charge as untimely, which include: (1) failure to train; (2) failure to hire into a full-time position; and (3) harassment/hostile work environment.

Brief in Support of Partial Motion to Dismiss (ECF 17), pp. 1-2. Lincoln "requests that this Court enter an Order dismissing these claims with prejudice and without leave to amend." Motion to Dismiss, p. 1.

**I. Lincoln's Motion to Strike.**

Lincoln argues in its motion to strike Jordan's "motion to reconsider" that "[t]he Court has not yet issued any order on [Lincoln's] partial motion to dismiss. Plaintiff's motion for reconsideration is therefore premature and should be stricken." Motion to Strike (ECF 26), p. 1. Lincoln is correct–there is no ruling to be reconsidered. But Jordan's pleading is not a motion at all–it is a supplemental brief in which he tries to explain more clearly his position and argument in opposition to Lincoln's motion to dismiss. The pleading is not a sur reply either, since sur replies can only be filed with leave of court (which Jordan did not seek) and for the purpose of addressing new issues raised for the first time in an opposing party's brief (which Lincoln did not do). So, for some unexplained reason, Jordan's counsel decided to file this brief as a "motion." The filing was improper either way. That said, the pleading amounts to nothing more than an attempt to elaborate on the arguments Jordan presented in his original response brief. Whether the pleading helps clarify things is questionable, but the Court will consider it when ruling on the motion for partial dismissal. Therefore, the Court interprets Jordan's "motion to reconsider" to be

a supplemental response in opposition to Lincoln's motion to dismiss and denies Lincoln's Motion to Strike.[2]

**II. Lincoln's Motion for Partial Dismissal.**

**A. Section 1983 claims.**

Lincoln moves for dismissal of Jordan's claims brought under 42 U.S.C. § 1983 "because [Lincoln] is a for-profit corporation, not a state actor." Brief in Support, p. 1. Jordan concedes this point, stating that he "is not asserting and did not intend to assert a Section 1983 claim involving the Defendant, [Lincoln]." Plaintiff's Response, p. 1. Accordingly, Lincoln's motion to dismiss is granted and any claims in Jordan's Complaint brought against Lincoln under Section 1983 are dismissed with prejudice.

**B. Section 1981 claims.**

Lincoln expressly states that it "is not moving to dismiss Jordan's Section 1981 claims." Brief in Support, p. 8, n. 4. Accordingly, those claims are unaffected by this order and remain pending.

**C. Title VII claims.**

The contested issue here involves Jordan's Title VII race, sex and retaliation claims. Lincoln contends that all but the retaliation claim are barred because Jordan did not file suit on his race and gender claims within 90 days of receiving his Notice of Right to Sue letter. Brief in Support, pp. 6-8. Jordan's race and sex claims were set out in a Charge of Discrimination he filed against Lincoln on November 7, 2016. Complaint, Exh. A. He received his Notice of Right to

---

[2] Lincoln does not contend in its motion to strike that it has been prejudiced by the filing of Plaintiff's "motion to reconsider," only that it should be stricken as premature.

Sue letter on October 11, 2017 (*see* Defendant's Brief in Support, Exh. 1, ECF 17-1) but never filed a lawsuit based on that Charge. Jordan concedes that the claims set out in his 2016 Charge are time-barred, but argues that he still has viable Title VII race and sex discrimination claims that arise out of a second Charge of Discrimination that he filed on January 4, 2018, and which he amended on January 29, 2018. Plaintiff's Response (ECF 21), p. 2. Jordan contends that his January 4 Charge included only a retaliation claim because an allegedly misguided investigator refused to include his race and sex claims in that Charge. Specifically, Jordan casts blame on the local agency where he filed his discrimination charges, explaining as follows:

> The reason that the second Charge was amended was because the local deferral agency, Fort Wayne Metropolitan Human Relations Commission's investigator refused to check the appropriate boxes of race and sex and indicated only retaliation–this required the amendment of the Second Charge. Thus, any kind of prejudice would be based upon the EEOC's deferral agency action in not appropriately designating the Charge filed.

*Id*.

As to his 2016 Charge, Jordan states that "[i]t is undisputed that the Notice of Rights issued by the EEOC that evolved from the first EEOC Charge against [Lincoln] filed November 7, 2016, was communicated pursuant to a Dismissal and Notice of Rights on October 11, 2017. It is axiomatic that the lawsuit filed September 12, 2018, is more than 90 days from such Notice of Rights." *Id*., p. 2. This appears to be a concession by Jordan that the claims and allegations presented in his November 2016 Charge are time-barred and are not part of this lawsuit; rather, the fact that he filed that Charge, he alleges, is the reason Lincoln retaliated against him. Notwithstanding this apparent concession in Jordan's response, Lincoln continues to press its argument in its reply brief, writing as follows:

6

> Jordan also concedes that he filed his lawsuit more than 90 days after he received the Notice of Rights with respect to his first [i.e., November 7, 2016] charge. . . . He did not expressly argue that the claims asserted in his first charge are timely or otherwise address any of [Lincoln's] arguments establishing that these Title VII claims are time-barred. Rather, he merely states that he filed a second charge (which was amended on January 29, 2018) and timely filed a lawsuit within 90 days of receiving the Notice of Rights relating to the second charge. . . . But as argued in [Lincoln's] opening brief, Jordan cannot rely on his second charge–which only alleged that [Lincoln] retaliated against him by ending his assignment–to make the claims asserted in his first charge timely.

Defendant's Reply, p. 2. Therefore, argues Lincoln, "the Court should dismiss the Title VII claims only alleged in Jordan's first charge." *Id*.

Lincoln is correct that the claims presented in Jordan's November 7, 2016, Charge of Discrimination cannot be pursued in this lawsuit since the 90-day limitations period expired several months before this suit was filed. And even though Jordan apparently concedes this, Lincoln persists because it believes he is trying to revive his expired Title VII claims by amending his January 4, 2018, Charge to ensure that the boxes for "race" and "sex" discrimination were checked in addition to the box for "retaliation." But as Lincoln points out, even after the amendment, the Charge alleges only a claim for retaliation under Title VII. Brief in Support, p. 7 ("When determining whether a plaintiff raised a claim in his EEOC charge, it is the 'factual allegations in the body of the charge' that matter, not whether the plaintiff checked a box.") (quoting *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500-01 (7th Cir. 1994)). Therefore, Lincoln argues, "Jordan . . . cannot rely on the allegations in his first, time-barred charge simply because he filed suit within 90 days of his second charge." *Id*., p. 8 (citing *King v. Ford Motor Co*., 872 F.3d 833, 839 (7th Cir. 2017)).

Jordan, instead of clearing things up in his imprudently filed supplemental brief, muddies

the water when he writes as follows:

> [T]he EEOC investigator refused to include sex and race allegations. Despite the Plaintiff's request for such the investigator at MHRC said that she could not amend the Charge of Discrimination because it had already been sent to the EEOC. This necessitated the Plaintiff to write the EEOC in Indianapolis so that an Amended Charge could be filed. . . . The boxes were appropriately checked and the Amended Charge states, "I was discriminated against based on my sex, male, and my race, Black, and retaliated against." This would appear sufficient to maintain the Plaintiff's claims based on those prohibited bases.

Supplemental Response, p. 2. So Jordan insists that his claims for race and sex discrimination are in fact timely pursuant to the Amended Charge he filed on January 29, 2018. The sum and substance of Jordan's argument in opposition to dismissal of his race and sex claims is that they would have been and should have been included in his January 4 Charge but for the wrongful actions of an unnamed Metro employee, and that it would be unfair to prevent him from litigating his claims for that reason. Jordan states it this way: "Thus, the person who should not be harmed, by this through no fault of his own, is the Plaintiff when the investigating agency, upon which it is to embrace from a broad perspective the claims made by the Plaintiff, refused to due [sic] such and requiring communications with the EEOC in Indianapolis resulting in the Amended Charges." *Id*. This grammatically challenged sentence can be restated as: "A misguided person at the Fort Wayne MHRC screwed up and I shouldn't be punished for it." Lincoln is arguing that Jordan amended his January 4 Charge, which made no mention of race or sex claims, in an attempt to revive the time-barred race and sex claims alleged in his 2016 Charge. Furthermore, argues Lincoln, even the Amended Charge lacks any facts to support claims for sex or race discrimination. Jordan argues that it was the investigative agency's fault, not his, that his Charge is devoid of factual allegations to support either a race or a gender claim.

8

Lincoln is correct that the race and gender claims asserted in Jordan's November 2016 Charge of Discrimination are time-barred and must be dismissed (which even Jordan concedes). Lincoln notes that "[t]he EEOC issued a Dismissal and Notice of Rights for the November 2016 charge on October 11, 2017. . . . Jordan filed his lawsuit on September 12, 2018, about *11 months* after the Notice of Rights was issued. . . . Specifically, the following Title VII claims are time-barred because they were only alleged in Jordan's November 2016 charge: Failure to properly train [Complaint, ¶ 8(e)]; Failure to hire into a permanent position [*Id*. at 8(e) & (j)]; [and] Harassment and/or hostile work environment [*Id*. at ¶ 8(f)(h) & (i)]." Brief in Support, p. 7. Lincoln contends that "[t]he only Title VII claim that is arguably timely is the claim alleged in [Jordan's] second EEOC charge: that [Lincoln] retaliated against him for filing his November 2016 charge by ending his assignment." *Id*. Lincoln argues that Jordan's January 2018 Charge, even if he did amend it to check the boxes for "race" and "sex" discrimination, cannot serve to revive the time-barred claims alleged in his 2016 Charge because "'[i]f the claimant fails to file suit within the ninety-day window, the lapsed claims are not revived by including them in a second EEOC charge and restarting the process.'" *Id*., p. 8 (citing *King v. Ford Motor Co.*, 872 F.3d at 839 (quoting *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006)).

The parties, to an extent, are arguing around each other. Lincoln insists that Jordan is attempting to revive his time-barred race and sex claims from his November 2016 Charge, while Jordan is apparently arguing that he had new race and sex discrimination claims that he was unfairly prevented from including in his January 4 Charge and that his January 29 Amended Charge is sufficient to raise those claims. Lincoln is clearly correct that the claims asserted in Jordan's 2016 Charge are time-barred and cannot be revived by the filing of a subsequent Charge

and Jordan apparently concedes this (and in any event it is indisputable). Jordan insists, however–and this is the real issue here–that he was he was wrongfully prevented from including *new* race and sex claims in his second Charge filed on January 4, that he amended that Charge on January 29 to include those claims, and that he should be permitted to litigate them in this case.

The allegations included in Jordan's undisputably time-barred Charge from November 2016, in their entirety, are as follows:

> I am a Black male. I have been assigned to the above-named Respondent [Lincoln] through a temporary agency [Kelly] since 10/26/15. My position is Processing Specialist. Throughout my assignment, I have been treated less favorably than similarly situated White Females, including Jessica Sanders and Katie Edwards. Sanders and Edwards were both assigned through a staffing agency and have been trained properly, and hired by [Lincoln]. I was not trained properly, and have been given a date that my assignment will end. I have also been harassed by Jane Lichtsinn (department manager) and Phadrien Bohnstedt (trainer). I have been given conflicting instructions which causes me to have errors. Respondent refuses to provide me with my production numbers. My production is compared to Sanders' production in an attempt to make me look bad, when we perform two different jobs with different production standards. I have complained about the racially discriminatory treatment, but the issues have not been resolved. Instead, I have been retaliated against, in that [Lincoln] will be ending my assignment, the harassment continues, and [Lincoln's] employees have attempted to intimidate me. I believe that I have been discriminated against due to my sex, male, and my race, Black, and retaliated against for having complained of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Complaint, Exh. A, Charge of Discrimination, Nov. 7, 2016. Jordan incorporated many of those allegations into paragraph 8 of his Complaint, sometimes verbatim, including the following:

● "Sanders and Edwards were both assigned through Kelly as a staffing agency and were trained properly and hired by Lincoln. Plaintiff was not trained properly and was given a date that his assignment would end[.]" Complaint, ¶ 8.e.;

● "Plaintiff was also harassed by Jane Lichtsinn, Department Manager, and Phadrien Bohnstedt,

Trainer, by requiring the Plaintiff to do two jobs and unprofessional broadcast of criticism and excessive scrutiny[.]" *Id*., ¶ 8.f.;

● "Plaintiff was given conflicting instructions causing him to have errors[.]" *Id*., ¶ 8.g.;

● "Lincoln refused to provide Plaintiff with his production numbers (metric evaluations) and his production numbers were compared to Sanders' production numbers in an attempt to make him look bad, even [though] they performed two different jobs with different production standards[.]" *Id*., ¶ 8.h.;

● "Plaintiff complained about the racially/sexually discriminatory treatment (including a formal complaint on February 23, 2016) but the issues were not resolved. Instead, Plaintiff was retaliated against in that Kelly/Lincoln ended his assignment after the harassment continued and other employees attempted to intimidate him[.]" *Id*., ¶ 8.i.; and

● "Plaintiff continued to apply for permanent positions in 2015 and 2016 with Lincoln, but was never granted any and was passed over by non-African American females who had less seniority and productivity. On information and belief, Defendant overlooked Plaintiff for promotion more than 20 times[.] *Id*., ¶ 8.j.

Lincoln argues that these allegations of race and sex discrimination are time-barred and cannot form the basis for Jordan's race or sex claims since Jordan admittedly failed to file suit within 90 days of receiving his right to sue letter regarding those claims. The Court agrees and the Title VII race and sex discrimination claims alleged by Plaintiff in his Complaint at paragraph 8, subparagraphs e, f, h, i and j, are DISMISSED WITH PREJUDICE.

**D. Possible remaining Title VII race and sex discrimination claims.**

Since Jordan concedes that the race and sex claims in his November 2016 Charge are

time-barred, what are the race and sex claims he is arguing still survive as a result of his 2018 Amended Charge? As Lincoln points out, the narrative in that Amended Charge contains allegations supporting a claim for retaliation, not sex or race discrimination. But of course, Jordan says that is the result of an investigator's refusal to complete the Charge in the way Jordan intended, forcing him to amend the Charge to check the boxes for "sex" and "race" discrimination to include such claims. Jordan does not shed any light on the factual bases for the race and sex claims that he insists should be included in his timely Amended Charge. He only says that it wasn't his fault that they weren't included, he did what he could by amending the Charge to ensure "[t]he boxes were appropriately checked" and that "[t]his would appear to be sufficient to maintain the Plaintiff's claims based on those prohibited basis." Supplemental Response, p. 2.

> Another district court recently explained as follows:
>
> In order to maintain an employment discrimination claim, a plaintiff must first exhaust [his] administrative remedies by filing a charge of discrimination with the EEOC or [a designated agency]. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). The scope of any subsequent proceedings is limited by the nature of the charges filed. *Id*. An aggrieved employee cannot complain of only certain instances of discrimination but then seek judicial relief for separate incidents. *Id.* Most EEOC complaints are submitted by laypersons rather than lawyers. A plaintiff therefore need not allege each and every fact giving rise to their judicial complaint in their EEOC charge. *Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). A plaintiff's claims, however, still must be "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc) (quoting *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971)), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976).

*Parker v. Dart*, 2018 WL 6981063 at *1 (N.D. Ill. Dec. 3, 2018). In this case, Jordan's 2018 Charge–both the original one and the amended version–include the same factual narrative, to wit:

> I am a qualified individual who filed a complaint against Lincoln Financial Group ("Lincoln") on November 7, 2016. After filing my complaint I was told my assignment would end in February 2017. I was then told that my assignment was extended out until March 31, 2017. I believe Lincoln extended my assignment out so it would not appear they were not retaliating against me [sic]. I was terminated March 31, 2017.
>
> For these reasons, I believe I have been retaliated against for filing a complaint of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

Supplemental Response, Exh. A, Charge of Discrimination, January 4, 2018 (ECF 25-1). The first paragraph of the Amended Charge filed on January 29 contains the same language (with a grammatical correction). The second paragraph was amended to read: "For these reasons, I believe I was discriminated against *based on my sex, male, and my race, Black*, and retaliated against for complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended." *Id*., Exh. B, Amended Charge of Discrimination, January 29, 2018 (italics added). Also, the latter Charge has the word "Amended" handwritten in the top right corner, the boxes for race and sex discrimination are checked, and the words "Amended Charge" are typed in the narrative box. The narrative itself was otherwise unchanged and does not include any factual assertions supporting race or sex discrimination. Jordan's Complaint, however, includes both race and sex claims, which he insists are timely.

Courts in this circuit look beyond the "four corners of the EEOC charge form" when "it is clear that the charging party intended the agency to investigate the allegations." *See Vela v. Vill. of Sauk Vill*. 218 F.3d 661, 664 (7th Cir. 2000). "[S]imple technicalities such as '[w]hat boxes, for instance, are checked on the EEOC form do not necessarily control the scope of a subsequent complaint.'" *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 259 (7th Cir.1996). But while a plaintiff

does not have to include every supporting fact for a claim, he "must at least have described, with some degree of specificity, the conduct [he] considered" actionable. *Cheek*, 31 F.3d at 501-02. Jordan failed to include *any* allegations of race or sex discrimination in his January 4, 2018, Charge or its amended version, but he says that wasn't his fault. He doesn't bother to share the facts on which his race or sex claims are based–only that they should be allowed to proceed because he intended to include them. Therefore, Jordan included allegations of race and sex discrimination in paragraph 8 of his Complaint. Lincoln seeks dismissal of most of those claims, although it does not challenge the following subparagraphs:

> l. Plaintiff further alleges that similarly situated coworkers who were not black/African-American or male were treated more favorably than Plaintiff with regard to promotions and job advancement in violation of Lincoln's policies; and
>
> m. Plaintiff was never offered weekend overtime despite repeated requests to participate. This benefit was only offered to white females.

Complaint, p. 5, ¶¶ 8.l. and 8.m. Could these be the Title VII race and sex discrimination claims that Jordan is arguing should have been included in his January 2018 Charge and should survive Lincoln's motion for partial dismissal? Maybe so. He doesn't explain and Lincoln doesn't discuss the subparagraphs quoted above, let alone challenge them.

Jordan's race and sex discrimination claims, as presented in his November 2016 Charge of Discrimination and incorporated into his Complaint in this case, are untimely and must be dismissed. And it is true, as Lincoln insists, that neither Jordan's January 4 Charge nor his amended version include *any* factual allegations to support either a race claim or a sex claim. Jordan insists that he can pursue race and sex claims notwithstanding that the facts underlying those claims were not included in his 2018 Charge(s). In the end, Jordan is making a purely

equitable argument: that he should be permitted to pursue Title VII race and sex discrimination claims that should have been and would have been included in his 2018 Charge were it not for the alleged wrongful refusal of a Metro employee to include them.

Taking Jordan's allegation as true, as the Court is required to do for purposes of the present motion to dismiss, the investigative agency prevented him from filing a Charge that included his intended race and sex discrimination claims. As another district court explained, "[m]isleading conduct by an administrative official which prevents a plaintiff from filing a timely EEOC charge can be the basis for equitable tolling of the administrative statute of limitations." *Watkins v. City of Chicago*, 2018 WL 2689537, at *4-5 (N.D. Ill. June 5, 2018) (citing *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 81 (7th Cir. 1992) (EEOC's erroneous representation that plaintiff's completion of intake questionnaire fulfilled his administrative responsibilities tolled the 300-day time limit for filing a charge)). The court in *Watkins* also recognized that "[e]quitable tolling is a fact-intensive inquiry, more appropriate for summary judgment or an evidentiary hearing than a motion to dismiss." *Id*. (citing *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) ("The realm of equitable tolling is a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis.")). And the Seventh Circuit in *Socha* made clear that "[equitable] tolling is rare; it is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha*, 763 F.3d at 684 (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir.2004)).

In this case, the issue is not one of equitable tolling–Lincoln is not challenging the timeliness of Jordan's January 4 Charge or the January 29 amendment on which this lawsuit is based. What it is challenging is what it believes to be Jordan's attempt to revive the undisputably

15

time-barred claims set out in his November 2016 Charge by simply "checking boxes" on his January 2018 Charge. But principles of equity are still determinative here. Jordan is asking the Court to permit him to pursue race and sex discrimination claims that he says a Metro representative prevented him from presenting at the administrative level. As another court has explained:

> The Second Circuit and numerous other courts have recognized that, as a matter of equity, plaintiffs should "not [be] penalize[d] . . . for [the] EEOC's mistakes and misinformation." *Harris v. City of New York*, 186 F.3d 243, 248 n. 3 (2d Cir. 1999); *see also Jackson v. Richards Med. Co.*, 961 F.2d 575, 587 n. 11 (6th Cir. 1992) (noting that "courts have consistently applied principles of equitable tolling to prevent [a] party from being penalized for the [EEOC]'s mistakes"); *Cooper v. Wyeth Ayerst Lederle*, 34 F.Supp.2d 197, 202 (S.D.N.Y. 1999) (noting that "[EEOC] errors should not work to a claimant's detriment"). In short, it would be wrong to bar plaintiff from seeking redress in this Court because of the EEOC's error.

*Hansen v. Jones Lang LaSalle Americas, Inc.*, 103 F.Supp.3d 221, 224-25 (D. Conn. 2015). *See also Melendez v. Bd. of Educ. for Montgomery Cty.*, 2015 WL 3540947 (D. Md. June 3, 2015) (relying on *Hansen* and denying summary judgment in part on equitable grounds).

So while any Title VII race or sex claims arising out of the allegations included in Jordan's 2016 Charge must be dismissed, the Court cannot hold at this juncture that Jordan has *no* Title VII race or sex claim remaining. To the extent that Jordan intended to allege new Title VII race and sex discrimination claims in his 2018 Charge of Discrimination but was wrongfully prohibited from doing so, he should not suffer the ultimate sanction of dismissal of those claims. This could all change, of course, as the case proceeds and the record is developed.[3] But for

---

[3] The Court recognizes that one of the important purposes of requiring complainants to file charges of discrimination prior to filing suit is to give notice to the employer of the allegations against it. As this Court has explained:

present purposes, the Court's ruling is a narrow one–as is Lincoln's motion for partial dismissal–and applies only to the race and sex discrimination claims that are indisputably time-barred (i.e., those presented in the 2016 Charge), not to any race or sex claims that arose after that and which would have been cognizable if not for alleged mistakes made at the investigative level.

## CONCLUSION

For the reasons discussed above, the Court holds as follows:

1. Lincoln's motion to strike (ECF 26) is **DENIED**;

2. **The Clerk of the Court is instructed to amend the docket** to designate docket entry 25 as

---

"A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Requiring a plaintiff to first file with the EEOC "serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Ind. DOT*, 344 F.3d 720, 726 (7th Cir. 2003) (citations omitted). Accordingly, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Claims not included in the charge can still be brought "if they are 'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)).

*Major v. Indiana*, 2017 WL 4769663, at *1 (N.D. Ind. Oct. 23, 2017). Lincoln has been deprived of notice of the factual bases for the race and sex claims that Jordan is alleging since his 2018 charges do not include any factual background to support those claims. For this reason, the Court is providing Jordan an opportunity to amend his Complaint to address this issue. The question of whether any such claims are cognizable cannot be answered today, given that neither the Court nor Lincoln know the factual basis for them, and the Court recognizes that the Amended Complaint will likely be challenged by a subsequent motion to dismiss or motion for summary judgment. But at this juncture and on this record, only the race and sex discrimination claims specifically set forth in Jordan's November 2016 Charge of Discrimination are dismissed.

"Plaintiff's supplemental brief in opposition to Defendant Lincoln's motion for partial dismissal";

3. Lincoln's motion for partial dismissal (ECF 16) is **GRANTED in part and DENIED in part.** The motion is GRANTED as to Jordan's race and sex discrimination claims contained in paragraph 8, subparagraphs (e), (f), (h), (i), and (j) of his Complaint, and DENIED as to race and sex discrimination claims that were allegedly wrongfully excluded from Jordan's January 2018 Charge of Discrimination; and

4. **Plaintiff Scott Jordan is directed to file an Amended Complaint within 30 days** of the date of this order that addresses the deficiencies discussed above.

Date: January 28, 2019.

    /s/   William C. Lee  
William C. Lee, Judge  
U.S. District Court  
Northern District of Indiana